## MITCHELL v. SEELMAN.
No. 61 L 1242.

Circuit Court, Palm Beach County.
January 17 and 25, 1962.

James F. Simpson, Tylander & Simpson, West Palm Beach, for plaintiff.

L. Martin Flanagan, Jones, Adams, Paine & Foster, West Palm Beach, for defendant.

R. O. MORROW, Circuit Judge.

*Partial summary judgment, January 17, 1962:* This cause came before the court on motions for summary judgment filed by the plaintiff and the defendant, and the court having considered the record, finds that the plaintiff is entitled to a summary judgment as to liability in the cause of action alleged in count one.

Count two presents a unique question. This count alleges the cause of action in gross negligence, and the defendant is seeking a summary judgment in defendant's favor under said count as to punitive damages on the theory that the defendant is dead —and therefore not susceptible to punishment.

There is substantial authority to that effect, 65 A.L.R. 1049, but there does not appear to be a Florida decision on the point. Under Florida decisions, however, punitive damages are defined as those which may be awarded when the acts complained of have been committed with malice, moral turpitude, wantonness or willfullness, or with reckless indifference to the rights of others, and, further, such may be awarded as a punishment to the defendant and as a warning and example to deter him and others from committing similar offenses in the future.

This situation presents a question which has been frequently raised but never solved, with reference to the relation of insurance to punitive damages. A person who is guilty of willful and wanton misconduct amounting to gross negligence in the driving of an automobile is in nowise punished if, in case punitive damages are awarded, said damages are paid through his insurance carrier.

Punitive damages are referred to as "smart money", and assessed against the offender for his wrong—however, where such damages are paid through an insurance company, the "smarting" or "stinging", brought about by such payment, is laid upon innocent third-party policy holders, and not upon the wrongful offender.

Is it not logical that the estate of the deceased wrongdoer should be exempt from punitive damages because the deceased cannot be punished, since the live wrongdoer is not punished when insurance premiums of others pay the penalty for him?

The purpose of awarding punitive damages wholly fails if the wrongdoer is not punished thereby, for it is neither a deterrent to him nor a warning to others, since they see no punishment forthcoming in any similar case which might arise against them.

Until the law provides that punitive damages shall be assessed against the wrongdoer only, and not assumed by third parties, it would be inconsistent to hold the deceased culprit liable while the living culprit escapes through his insurance policy.

By way of dictum, one solution to the inequity existing presently between the insured and uninsured, with reference to punitive damages, might be solved by requiring that insurance policies contain a clause stating that such policy shall not cover any award for punitive damages.

The court is of the opinion that there can be no punishment to a deceased person and, there being no punishment to such person, it cannot constitute a warning to others.

It is accordingly ordered and adjudged that punitive damages cannot be recovered in this case under the allegations of count two, and summary judgment is hereby entered in favor of the defendant on the question of punitive damages; further, summary judgment is hereby entered in favor of the plaintiff on the question of liability, as set forth in count one; and this cause shall proceed to trial on the question of compensatory damages only.

*Order, January 25, 1962:* This cause came before the court on motion of the plaintiff to amend his complaint, and on plaintiff's motion for a continuance.

The cause was duly placed on the trial docket for January 22, 1962, and said motions were filed subsequent to the calling of this case for trial on that day.

The court is of the opinion that the motion to amend was not timely made, however, if the amended complaint attached to said motion stated a cause of action not before alleged, the court would grant the motion to amend, also the motion to continue, if need be.

The new cause of action sets up a complaint against the wife of the deceased driver of an automobile, the estate of which deceased driver was sued in the original complaint. The new cause of action alleges facts which constitute gross negligence on the part of the deceased driver, and further alleges that the defendant wife "was a passenger in said automobile and had knowledge of the facts", which allege said gross negligence, and "permitted operation of said vehicle by deceased."

The first question that arises is whether the wife would be guilty of gross negligence by riding as a passenger in the vehicle

driven by her deceased husband, with knowledge of the facts that constituted his gross negligence, and permitting him to drive the automobile. The court is of the opinion that the wife would not be liable, providing, of course, that the husband was not the agent of the wife.

The second question which arises is whether permission can be granted in a case of this kind, by the wife to the husband. In this case, the automobile was owned jointly in an estate by the entirety by the husband and wife, therefore, each being the owner of the car, the husband did not have to have the permission of the wife to drive the car—nor could the wife give the husband permission to drive a car that was already his.

It is the opinion of the court that the amended complaint, seeking to allege a cause of action in gross negligence against the deceased husband's wife, under the facts as alleged, fails to state a cause of action.

It is also pointed out that, where joint tort-feasors are sued jointly, punitive damages cannot be awarded against one defendand and compensatory damages against the other.

It is accordingly ordered that the motion to amend, and the motion to continue are denied, and this cause will continue in its place on the trial docket.